IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JAMIE CRUZ and<br>JORGE CRUZ,<br><br>    Plaintiffs,<br><br>v.<br><br>COLBY BURMEISTER and WEST<br>TENNESSEE JUDICIAL VIOLENT<br>CRIME AND DRUG TASK FORCE,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)    No. 1:24-cv-02210-STA-jay<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### ORDER DENYING MOTION TO DISMISS OF DEFENDANT
### WEST TENNESSEE JUDICIAL VIOLENT CRIME AND DRUG TASK FORCE

Plaintiffs Jamie and Jorge Cruz filed this action against Defendants Colby Burmeister and West Tennessee Judicial Violent Crime and Drug Task Force ("Task Force")[1] pursuant to 42 U.S.C. § 1983 for the alleged violation of their constitutional rights during their arrest. Defendant Task Force has filed a motion to dismiss on the ground that it is not a legal entity that can be sued in federal court; Defendant seeks dismissal of all claims brought against it pursuant to Fed. R. Civ. P. 12(b)(2). (ECF No. 26.) Plaintiffs have filed a response to the motion (ECF No. 32), and Defendant has filed a reply to the response. (ECF No. 33.) For the reasons set forth, the motion to dismiss is **DENIED**.

According to Defendant Task Force, the Task Force was formed in 2012, under authority granted by Tenn. Code Ann. § 12-9-101, *et seq.* and § 8-7-110, by the District Attorneys General

---

[1] Defendant Haywood County Sheriff's Department was voluntarily dismissed from the action on September 17, 2024. (ECF No. 31.)

for the Twenty-Eighth, Twenty-Ninth, and Thirtieth Judicial Districts of Tennessee by executing a Joint Cooperation Agreement in their official capacities. The purpose of the Task Force, as stated in the Agreement, "is to investigate violent crimes and drug crimes and to enforce the laws prohibiting such conduct." (Agreement, ¶ 8, ECF No. 26-1.) The Agreement provides that it "shall not be interpreted to create a separate legal entity." (*Id.* at ¶ 7.) The District Attorneys General operate the Task Force as an extension of their offices. (*Id.* at ¶ 4.) The Task Force is governed by a joint Board of Directors consisting of the participating District Attorneys General and a Director who they appoint who is responsible for the day-to-day management and supervision of the Task Force. (*Id.* at ¶¶ 9-10.) The Task Force Agreement contains provisions by which real and personal property is acquired, held, and used by the Task Force as the seizing agency, and provides a mechanism for dispersing such property upon termination of the Task Force. (*Id.* at ¶¶ 11-18.)

In response, Plaintiffs assert that there was a prior Agreement, dated October 13, 2008, which created the Task Force as a "standalone entity." (Resp. p. 8, ECF No. 32-1.) Plaintiffs claim to have attached a copy of the prior Agreement to their response, but no such document has been filed. Plaintiffs also mention other Agreements between the Task Force and law enforcement agencies and their respective responsibilities, supposedly memorialized in attachments that are not before the Court. (*Id.* at pp. 9 – 11.) Moreover, although the complaint alleges that the Task Force is an "incorporated entity under the laws of the State of Tennessee," (Cmplt. ¶ 7, ECF No. 1), Plaintiffs now claim that the Task Force is "unincorporated."

In this case, it does not appear that the Court has a complete enough record before it to make a ruling on the motion to dismiss. Although not attaching the documents to which they refer, which would have been the better course of action, Plaintiffs have raised the issue of whether the 2022 Agreement is, in fact, the operative agreement. "[A] plaintiff should … be able to get

2

discovery by raising legitimate questions about whether the defendant has provided a complete set of governing documents." *Moyer v. Gov't Emps. Ins. Co.*, 114 F.4th 563, 568 (6th Cir. 2024). "If there are gaps in the record, it's not appropriate to dismiss the complaint." *Id.* at n 4. Accordingly, the motion to dismiss of the Task Force is **DENIED**.[2]

 IT IS SO ORDERED.

                s/ S. Thomas Anderson
                S. Thomas Anderson
                UNITED STATES DISTRICT JUDGE

                Date:  November 4, 2024

---

[2] The Court notes that Plaintiffs' Certificates of Service state that the response was served on the U.S. Attorney's Office. (Resp. ECF Nos. 32, 32-1.) The United States is not a party to this action. In the future, Plaintiffs must make sure that their documents are served on the correct party.